UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROOSEVELT KENYATA EDWARDS III, | ) | CV F 02 6253 WMW HC |
| | ) | |
| Petitioner, | ) | MEMORANDUM OPINION AND ORDER RE |
| | ) | PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | |
| | ) | |
| GEORGE M. GALAZA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**PROCEDURAL HISTORY**

Following a jury trial in Stanislaus County Superior Court, Petitioner was convicted of (1) sexual penetration by a foreign object (Penal Code Section 289), and that the charged crime was a felony sex offense within the meaning of Penal Section 667.61(a); (2) robbery(Penal Code Section 211); (3) assault with a deadly weapon (Penal Code Section 245(a)(1); (4) sexual battery on an unlawfully restrained person (Penal Code Section 243.4(a);  (5) burglary (Penal Code Section 459); and possessing an firearm after having suffered a felony conviction (Penal Code Section 12021).  Petitioner was further convicted of the personal use of a firearm (Penal Code

Section 12022.5) in all counts and with having suffered a prior felony conviction within the meaning of Penal Code Section 667(d).  With respect to counts 1 through 3, it was also found that Petitioner had suffered a prior felony conviction within the meaning of Penal Code Section 667(a).  With respect to counts 1 though 5, Petitioner was found to have personally inflicted great bodily injury (Penal Code Section 12022.7.

On January 11, 2000, Petitioner filed a motion for a new trial, which the trial court denied after a hearing held on January 31, 2000.   On January 31, 2000, the trial court denied probation and sentenced Petitioner to state prison for a total term of 80 years 8 months.  Petition filed a timely notice of appeal.  The California Court of Appeal, Fifth Appellate District ("Court of Appeal")  affirmed the judgment in an unpublished opinion entered in case number F034919 on August 21, 2001.

Petitioner filed a petition for review with the California Supreme Court.  The petition raised the following claims, both of which had been raised in Petitioner's direct appeal: (1) the trial court erred in not granting Petitioner a new trial on the ground of ineffective assistance of trial counsel and (2) the trial court erred in giving insufficient instructions on accomplice testimony.  The California Supreme Court denied review on October 24, 2001.

On February 7, 2002, Petitioner filed a petition for writ of habeas corpus in the Court of Appeal.  The petition raised the following issues: (1) Petitioner's conviction rested on insufficient evidence and (2) Petitioner was denied his right to appeal.  The Court of Appeal denied the petition on February 22, 2002.

On October 10, 2002, Petitioner filed an application for writ of habeas corpus in this court.  The petition raised the following claims: (1) the state courts improperly denied Petitioner's motion for a new trial based on ineffective assistance of counsel; (2) the trial court failed to instruct properly on accomplice testimony; (3) there was insufficient evidence to support Petitioner's judgment; and (4) Petitioner's appellate attorney provided ineffective assistance in failing to raise the insufficient evidence claim on direct appeal.

Respondent moved to dismiss the petition as a mixed petition containing unexhausted claims because claims (3) and (4) had not been exhausted in the state courts.  Respondent also

moved to dismiss claim (2) because it did not raise a federal question.  On February 14, 2003, this court issued an ordering dismissing claim (2) without leave to amend for failure to state a federal claim.  This court also granted the motion to dismiss because the petition was mixed, i.e., contained unexhausted claims.  This court, however, provided Petitioner with the options of withdrawing the unexhausted claims and going forward with the sole remaining claim or of withdrawing the unexhausted claims and moving to hold the exhausted claim in abeyance while he exhausted the other claims in state court.  Petitioner opted to hold the exhausted claim in abeyance pending the exhaustion of the other claims.

On April 29, 2004, the court issued an order lifting the abeyance on claims 3 and 4 and ordering Respondent to file a response to count 1 only.  Respondent filed an answer on July 19, 2004.  Petitioner did not file a traverse.

## FACTUAL BACKGROUND

The court hereby adopts the statement of facts set forth in the unpublished opinion of the Court of Appeals in case number F034919 filed August 21, 2001.  A copy of this opinion is found as exhibit B to Respondent's answer.

## STANDARD OF REVIEW

A.  JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting

3

Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on October 10, 2002, after the enactment of the AEDPA, thus it is governed by its provisions.

B.  STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's

factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Petitioner contends that the trial erred in failing to grant his motion for a new trial on the ground of ineffective assistance of counsel. Petitioner claims that trial counsel was ineffective for failing to call several material witnesses.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994). A difference in opinion as to trial tactics does not constitute denial of effective assistance, United States v. Mayo, 646 F.2d 369, 375 (9th Cir.),cert. denied sub. nom., Dondich v. United States, 454 U.S. 1127 (1981), and tactical decisions are not ineffective assistance simply because in retrospect better tactics are known to have been available. Bashor v. Risley, 730 F.2d 1228, 1241 (9th Cir.), *cert. denied,* 469 U.S. 838 (1984).

1    Second, the petitioner must demonstrate that "there is a reasonable probability that, but
2 for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694.
3 Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair
4 trial, one whose result is reliable. <u>Strickland</u>, 466 U.S. at 688. The court must evaluate whether
5 the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. <u>Id.</u>;
6 <u>Quintero-Barraza</u>, 78 F.3d at 1345; <u>United States v. Palomba</u>, 31 F.3d 1356, 1461 (9th Cir. 1994).

7    A court need not determine whether counsel's performance was deficient before
8 examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.
9 <u>Strickland</u>, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984). Since the defendant must
10 affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily
11 fail. However, there are certain instances which are legally presumed to result in prejudice, e.g.,
12 where there has been an actual or constructive denial of the assistance of counsel or where the
13 State has interfered with counsel's assistance. See <u>Strickland</u>, 466 U.S. at 692; <u>United States v.</u>
14 <u>Cronic</u>, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).

15    Ineffective assistance of counsel claims are analyzed under the "unreasonable
16 application" prong of <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). <u>Weighall v. Middle</u>, 215 F.3d
17 1058, 1062 (2000).

18    The Court of Appeal discussed this issue at length in its unpublished opinion and because
19 of the factual specificity of this issue, we reproduce that discussion below:

> Counsel has a duty to investigate the facts and call witnesses for the defense, and the failure to do so can amount to ineffective assistance of counsel. (*People v. Hill* (1969) 70 Cal.2d 678, 688-689; *People v. Rodriguez* (1977) 73 Cal.App.3d 1023, 1031 - 1032.) However, as out Supreme Court has explained,
>
> "'...Tactical errors are generally not deemed reversible; and counsel's decisionmaking must be evaluated in the context of the available facts. [Citation.] To the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation ...." [Citation.] Finally, prejudice must be affirmatively proved; the record must demonstrate that "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." [Citations.]' (*People v. Bolin* (1998) 18 Cal.4th 297, 333 ....)" (*People v. Hart* (1999) 20 Cal.4th 546, 623-624; accord, *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266 ["'"] [If the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] ...

6

unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected. '"]; *People v. Jones* (1997) 15 Cal.4th 119, 178, overruled on other grounds in *People v. Hill* (1998) 17 Cal.4th 800, 823, fn.1.)

      The decision whether to put on witnesses is a matter of trail tactics and strategy which a reviewing court generally may not second-guess. (*People v. Mitcham* (1992) 1 Cal.4th 1027, 1059.) We do not know from the record why trial counsel failed to call the witnesses who appellant now claims could have impeached the prosecution's witnesses. The record reveals that tow of these witnesses – Dupree Hull and Calvin Mobley – were on appellant's witness list at the start of trial. The record does not reveal, however, why appellant's trial counsel ultimately decided not to call these witnesses, or why none of the other witnesses were called to testify, and this decision is not the type for which there could be no satisfactory explanation. (*People v. Hart, supra*, 20 Cal.4th at 625.) Accordingly, the ineffective assistance claim cannot properly be raised on appeal.

      Moreover, as the trial court noted, trial counsel could have had a reasonable, tactical basis for not having these witnesses testify at trial. [Footnote omitted.] In the declarations, Terence Crump, Darnell Green and Derek Branch all claimed that appellant was not the person named Keno they met at Knox's house after the robbery. With respect to Terence Crump, who testified at trial, trial counsel could have decided that he would not question Crump further regarding whether he believed the Kemo he met at Knox's house was appellant, since Crump's testimony was vague regarding whether he even heard Kemo brag about the robbery. Crump obviously did not want to testify at trial, and it would have been risky to ask Crump whether the person who was bragging about the robbery was not appellant, since Crump could continue to deny he heard anything. Moreover, Crump's testimony that he told Detective Trogdon what he "was supposed to say" implies that Crump was not truthful with Detective Trogdon, which was precisely the point trial counsel argues in his closing argument.

      In addition, Green's and Branch's statements that the Kemo they met at Knox's house after the robbery was not appellant were far from certain, as they had not met either Kemo or appellant before, and they were unable to say with complete certainty that appellant was not the Kemo they had met. Moreover, both Green and Branch could have been impeached with prior statements they made to Officer Brocchini, as well as by their prior convictions. Green apparently told Officer Brocchini he knew Kemo to be on parole out of Merced, and Branch corroborated Knox's statements. Accordingly, as respondent notes, a decision to call either of these witnesses at trial could have ultimately strengthened the prosecution's case and harmed appellant.

      The same is true of the decision not to call Judy Allen or Calvin Mobley. According to the Ermoian declaration, Allen would have supported Knox's alibi for the night of the robbery. As respondent points out, calling her as a witness would have served no purpose for the defense, other than setting a foundation for possible impeachment by Mobley who, according to Ermoian, would have testified that Knox had not stayed longer than 30 minutes at Allen's house during the relevant time period, and that Allen told him she lied to detectives in order to cover for Knox. While trial counsel could have called Mobley to testify without Allen's testimony in order to impeach Knox about his alibi, and apparently considered doing so since Mobley was on the witness list, appellant presented no evidence during the new trial motion that Mobley was in fact at Allen's house on the night of August 17, 1997, or that Mobley could account for who was at the house that night. In addition, Mobley could have been impeached with his prior conviction.

      Finally, it was reasonable for defense counsel not to call Barry Stoughtenborough as a witness. Stoughtenborough had no testimony to offer with respect to the crimes appellant was on trial for, and he could only testify that Knox has a reputation for intimidating people and cannot be believed. There was no evidence presented in this case, however, that Knox attempted to intimidate anyone. Had Stoughtenborough been

7

called to testify, the jury would have heard that Knox had previously caused Stoughtenborough to be charged with murder, and had testified against him at the resulting murder trial.

Stoughtenborough's obvious bias against Knox would have diminished any credence to his testimony about Knox's general reputation. The jury had already heard Knox's history of committing violent felonies, and that in exchange for this testimony against appellant, Knox would receive only one year in jail for a pending felony charge that would otherwise subject him to a possible 25-year-to-life term under the three strikes law. The jury also heard that Knox testified against other defendants in other cases, including Stoughtenborough's. Therefore, Stoughtenborough's claims about Knox's reputation would not have provided a basis for questioning Knox's credibility further, and would be merely cummulative evidence. Trial counsel's failure to call Stoughtenborough as a witness was not unreasonable.

Appellant also claims that he was deprived of a meritorious defense, i.e., that the jury would have had a reasonable doubt whether appellant was the same "Kemo" who had visited Knox's house, because trial counsel failed to call these witnesses to testify. As noted in *People v. Jackson* (1980) 28 Cal.3d 264, 289:[footnote omitted]

We cannot presume prejudice from the mere fact of counsel's alleged inaction. As we recently observed, in order to establish a successful claim of inadequate trial representation, defendant must prove 'that counsel's acts or omissions resulted in the withdrawal of a potentially meritorious defense.' [Citation.] Further, defendant must 'affirmatively show that the omissions of defense counsel involved a crucial issue, and that the omissions cannot be explained on the basis of any knowledgeable choice of tactics.' [Citation.]"

As discussed above, appellant has not shown that his trial counsel's failure to call these witnesses to testify cannot be explained on the basis of any knowledgeable choice of tactics. Therefore, it is unnecessary to decide whether appellant was deprived of a meritorious defense.

Even if trial counsel's performance was deficient, there was no prejudice to appellant from the failure to call these witnesses. As noted above, the statements of Crump, Branch and Green that appellant was not the person introduced to them as Kemo would have had little value, since their testimony on this point was shaky and they were all subject to impeachment themselves. Calling Allen to the stand in an effort to impeach her with Mobley's testimony would have risked undermining the defense theory by corroborating Knox's alibi. Mobley's testimony could have cast doubt on Knox's alibi, but even without Mobley's testimony, trial counsel was able to argue that his alibi should not be believed because it was not reasonable to leave appellant and his friends in the house with a gun talking about committing a robbery. Finally, Stoughtenborough's opinion of Knox's reputation promised very little basis for impeachment beyond that which the jury had already heard. None of the witnesses offered anything exculpatory, or that would assist appellant's defense in any meaningful way. To the contrary, most of the witnesses would have likely damaged appellant's case. Accordingly, it is not reasonably probable that the result would have been different but for trial counsel's failure to call these witnesses.

As appellant has failed to demonstrate ineffective assistance of trial counsel, the trial court properly denied the motion for a new trial on this ground.

Unpublished opinion entered in case number F034919 on August 21, 2001, 25 - 29.

As stated above, ineffective assistance of counsel claims raised in habeas corpus are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000). That is, habeas corpus relief will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Here, the clearly established federal law is the standard set forth in Strickland. To prevail, Petitioner would have to show that the Court of Appeal's analysis of his ineffective assistance claim was objectively unreasonable under that standard. See Lockyer, at 1174 (citations omitted).

This court finds that Petitioner has not met this requirement  Specifically, this court finds that the Court of Appeals reasonably concluded that trial counsel's decision not to call the witnesses in question constituted reasonable trial tactics and therefore did not fall below the standard of reasonably competent counsel. See Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984) (Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.) As set forth by the Court of Appeal, there was a reasonable explanation for trial counsel's decision not to call each of the witnesses in question.  Further, as discussed by the Court of Appeal, there was no prejudice to Petitioner from trial counsel's decision not to call these witnesses.  Petitioner did not show that any of them would have offered anything exculpatory, and most of the them would likely have damaged Petitioner's case.

This court concludes, therefore, that Petitioner has not demonstrated that the Court of Appeal's decision constituted an unreasonable applicable of clearly established federal law. Thus, Petitioner's claim provides no basis for habeas corpus relief.

Accordingly, IT IS HEREBY ORDERED as follows:

1)      This petition for writ of habeas corpus is DENIED; and

9

1  2)  The Clerk of the Court is directed to enter judgment for Respondent and to close this
2      case.
3  IT IS SO ORDERED.
4  **Dated:   March 13, 2006**           **/s/  William M. Wunderlich**
   mmkd34                                UNITED STATES MAGISTRATE JUDGE